**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF KENTUCKY**

**CENTRAL DIVISION AT FRANKFORT**

Eastern District of Kentucky
FILED

JUN 17 2026

AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**JEREMY WAYNE HARRELL,**

Defendant/Movant.

**Criminal Action No. 3:23-cr-16-KKC**

**Civil Action No. 3:26-cv-43-KKC**

# MOVANT'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING MOOTNESS

## INTRODUCTION

Movant Jeremy Wayne Harrell respectfully responds to the Court's Order of June 9, 2026 (Doc. 151). The § 2255 motion is not moot. It was filed on June 8, 2026, while Movant remained on supervised release and therefore in custody and the conviction itself continues to impose concrete and continuing collateral consequences. The motion directly challenges the validity of the underlying conviction and should proceed to full merits review.

## I. JURISDICTION ATTACHED AT THE TIME OF FILING

The motion was filed on June 8, 2026. Supervised release expired on June 10, 2026. Supervised release constitutes "custody" for purposes of 28 U.S.C. § 2255. *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Because Movant was unquestionably in custody on the filing date, jurisdiction properly attached.

## II. CARAFAS CONTROLS: JURISDICTION IS NOT DEFEATED BY SUBSEQUENT EXPIRATION OF SUPERVISED RELEASE

Even after supervised release expired on June 10, 2026, jurisdiction is not divested. Once a § 2255 motion is properly filed while the petitioner is in custody, subsequent release does not moot the case. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("Once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of proceedings on such application."). Accordingly, the expiration of supervised release on June 10, 2026, did not divest this Court of jurisdiction that had already attached on June 8, 2026. *See also United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014); *Bell v. Streeval*, No. 22-6189 (4th Cir. Aug. 6, 2025); *United States v. Yadigarov*, 840 F. App'x 487 (11th Cir. 2021).

## III. SPENCER AND POLA SUPPORT CONTINUING JURISDICTION

The Court's Order cited *Spencer v. Kemna*, 523 U.S. 1 (1998), and *Pola v. United States*, 778 F.3d 525 (6th Cir. 2015). Both cases support jurisdiction here. *Spencer* requires "some concrete and continuing injury" traceable to the conviction once custody ends. *Id.* at 7-8. Movant satisfies that standard. *Pola* likewise recognizes that ongoing legal, professional, and practical disabilities flowing from a conviction are sufficient to maintain a live controversy. *Pola*, 778 F.3d at 529-30.

## IV. CONCRETE COLLATERAL CONSEQUENCES

The conviction itself produces multiple concrete collateral consequences, any one of which is sufficient:

- A $207,249.26 restitution judgment (Docs. 89, 90) and $108,454.88 forfeiture judgment (Docs. 93, 120), totaling more than $315,000 in enforceable criminal financial obligations.
- A pending Sixth Circuit forfeiture appeal (Case No. 25-5556) directly tied to the conviction.
- Permanent firearms disqualification under 18 U.S.C. § 922(g)(1).
- Ongoing barriers to professional consulting, advisory, advocacy, and nonprofit leadership opportunities.

Even if every other collateral consequence were disregarded, the restitution and forfeiture judgments alone preserve a live case or controversy. *See United States v. Lockhart*, No. 24-11081 (5th Cir. 2024). Any suggestion that restitution is merely a civil obligation is further undermined by the Supreme Court's recent unanimous decision in *Ellingburg v. United States*, 607 U.S. ___ (Jan. 20, 2026), holding that MVRA restitution constitutes criminal punishment.

## V. REQUEST FOR APPOINTMENT OF COUNSEL

Movant renews his request for CJA counsel. The interests of justice call for appointment given the complexity of the ineffective assistance claims and the significant stakes. 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c), Rules Governing § 2255 Proceedings.

## CONCLUSION

The § 2255 motion is not moot. Movant respectfully requests that the Court so find, reject any recommendation of dismissal, order the United States to respond on the merits of the motion (which challenges the validity of the conviction itself), and appoint counsel.

Respectfully submitted,

/s/ Jeremy Wayne Harrell


Jeremy Wayne Harrell, Pro Se

1608 Overlook Circle

Shelbyville, KY 40065

(502) 310-2303

Jeremyharrell81@yahoo.com


June 17, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2026, I filed the foregoing **Movant's Response to Order to Show Cause Regarding Mootness** with the Clerk of the United States District Court for the Eastern District of Kentucky and served a copy of the same by depositing it in the United States Mail, first-class postage prepaid, addressed to:

United States Attorney's Office

Eastern District of Kentucky

260 W. Vine Street, Suite 300

Lexington, Kentucky 40507

Attention: James T. Chapman, Assistant United States Attorney

/s/ Jeremy Wayne Harrell

Jeremy Wayne Harrell, Pro Se